**Johnnie DEAN, Plaintiff,**

v.

**Robert KNOWLES, individually and in his official capacity as Sheriff of St. Lucie County; Lillie Miller, Capt., individually and in her official capacity as head of the St. Lucie County Correctional Facility, Defendants.**

No. 94–14227–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Jan. 8, 1996.

John B.T. Murray, Jr., Steel Hector Davis, West Palm Beach, FL, Randall C. Berg, Jr., Florida Justice Inst, Miami, FL, for plaintiff.

Richard A. Guiffreda, Shailer, Purdy & Jolly, Fort Lauderdale, FL, for defendants.

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant's Motion for Summary Judgment, dated November 22, 1995.

THE COURT has considered the Motion, responses and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ADJUDGED that the Motion is DENIED. It appears from a careful review of the motions, filings and attachments that there remain in dispute genuine issues of material

fact, hence the moving party is not entitled to summary judgment as a matter of law. Fed. R.Civ.P. 56.

## BACKGROUND

Plaintiff in this case was a prisoner at the St. Lucie County Correctional Facility from February to December 1994. Upon intake, plaintiff advised corrections officials that was afflicted with the Human Immunodeficiency Virus (HIV). Plaintiff's diagnosis was confirmed by medical tests. Plaintiff's condition remained asymptomatic throughout his period of incarceration. During his stay at the facility, Plaintiff requested to be granted trustee status. This request was denied for medical reasons. No further explanation was given at the time of denial. Subsequently, Plaintiff was told by a nurse that the jail had a policy in place to deny trustee status to HIV positive inmates.

Plaintiff filed suit under Title II of the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. He claims that the denial of his request for trustee designation was an act of discrimination which violated his rights under the ADA.

## SUMMARY JUDGMENT STANDARD

■ Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." To obtain summary judgment, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

■ In assessing whether the movant has met this burden, the Court views the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. *Id.* The moving party must demonstrate that the facts underlying

all the relevant legal questions raised by the pleadings or otherwise are not in dispute, or else summary judgment will be denied. *Clemons v. Dougherty County, Ga.*, 684 F.2d 1365, 1368–69 (11th Cir.1982). All reasonable doubts about the facts are to be resolved in favor of the nonmovant. *Id.*

## ADA

Title II of the ADA prohibits discrimination in the provision of public services. 42 U.S.C. § 12131, et seq. Section 12132 of the act states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

■ In order to establish a violation of Title II of the ADA, Plaintiff must show: (1) that he is a qualified individual with a disability as defined by the ADA; (2) that he was excluded from participation in the facility's trustee program; and (3) that the exclusion was because of Plaintiff's disability. *Concerned Parents to Save Dreher Park Center v. City of West Palm Beach*, 846 F.Supp. 986 (S.D.Fla.1994); *see also, Harris v. Thigpen*, 941 F.2d 1495 (11th Cir.1991) (establishing the same standard under the Rehabilitation Act, 29 U.S.C. § 794).[1] Defendants claim they are entitled to summary judgment because Plaintiff is not disabled and even if he was, he suffered no discrimination as a result. Plaintiff naturally disagrees.

■ This Court need not address the issue of whether a person who is HIV positive but asymptomatic is disabled per se under the ADA. The Eleventh Circuit held, in *Harris v. Thigpen*, that HIV seropositivity was a handicap under the Rehabilitation Act of 1973, 29 U.S.C. § 701, because the correctional system treated inmates as if they were handicapped. 941 F.2d at 1524. Courts in this circuit and elsewhere have found that the standards of the Rehabilitation Act are applicable to cases under the ADA. *Gates v.*

---

1. The parties to this litigation have not addressed the issue of whether or not Plaintiff is a "qualified individual" under the ADA. It is clear that this issue is a question for the trier of fact in this matter.

*Rowland,* 39 F.3d 1439 (9th Cir.1994); *Ethridge v. State of Alabama,* 860 F.Supp. 808 (M.D.Ala.1994). Both the ADA and the Rehabilitation Act provide that a person who is regarded as disabled by a public entity is protected as if he were in fact disabled.[2] At a minimum this makes a finding of disability dependant on the factual issue of the treatment of the Plaintiff at the hands of the St. Lucie County Correctional Facility. *Harris,* 941 F.2d at 1524.

■ This Court also finds that there is a genuine issue of material fact as to whether or not Plaintiff suffered discrimination. There is a clear dispute over the reason Plaintiff's trustee request was denied. Plaintiff has submitted evidence that the facility had a policy of denying trustee status to HIV positive inmates. Defendants counter with evidence that some HIV positive inmates were in fact made trustees. Thus, a question of fact remains as to why Plaintiff's request was denied, and summary judgment is therefore inappropriate.

DONE AND ORDERED.

**2.** The ADA defines "disability" as:

(A) a physical or mental impairment that substantially limits one or more of the major life activities of … [an] individual;

(B) a record of such an impairment;  or

(C) *being regarded as having such an impairment.*

42 U.S.C. § 12102(2) (emphasis added).